**Carl A. VOIGHT and Lyle O. Chase, d/b/a Lykar Company, a partnership, Plaintiffs,**

v.

**John W. KRAFT and Jon N. Wyman, Individually, and John W. Kraft and Jon N. Wyman, d/b/a Kraft & Wyman, a Partnership, Defendants.**

Civ. No. 1–72–56.

United States District Court, D. Idaho.

June 2, 1972.

Bruce O. Robinson and Theodore V. Spangler, Jr., Nampa, Idaho, for plaintiffs.

Kraft & Wyman, Boise, Idaho, for defendants.

## MEMORANDUM OF OPINION AND ORDER

J. BLAINE ANDERSON, District Judge.

Plaintiffs are suing defendant attorneys for alleged malpractice concerning defendants' advice that they pursue the patent of a brush cleaner, which, it is alleged, was in fact unpatentable. Claiming to act in reliance thereon, plaintiffs also bought equipment in order to start production of this machine and seek damages of $59,272.10 for expenses and loss of income and $25,000.00 in punitive damages. Plaintiffs do not allege or claim diversity of citizenship.

This case is presently before the court on defendants' various motions, of which the motion to dismiss for lack of jurisdiction is dispositive.

Plaintiffs allege federal jurisdiction by virtue of 28 U.S.C.A. § 1338, 35 U.S.C.A. § 31 and 37 C.F.R. § 1.344. It is the opinion of the court that there is no federal jurisdiction for the following reasons:

1. 28 U.S.C.A. § 1338(a) is concerned with any civil action "arising under" any Act of Congress relating to

patents. Plaintiffs do not have a patent, and their claim for relief is not related to a patent or any Act of Congress relating to a patent.

2. Section 31 of Title 35, United States Code, has as its operative relief 35 U.S.C.A. § 32. This is an administrative problem to be taken up with the Commissioner and the only remedies mentioned are suspension and/or exclusion from practice before the patent office. No remedies are mentioned as to damages for malpractice. Thus, the relief asked by plaintiffs has not been provided by Congress. Section 1.344 of Title 37, Code of Federal Regulations, is merely a statement as to the standard of conduct demanded of attorneys and agents who appear before the patent office. There is no mention of relief for the disgruntled client of a patent attorney.

3. Plaintiffs state in their Brief in Opposition of Motion for Summary Judgment and Motion to Dismiss:

"A patent attorney is, therefore, admitted pursuant to Federal authority and regulated by Federal authority. Under the terms of 28 U.S.C.A. § 1338, only the Federal Courts have jurisdiction in regard to malpractice by such attorneys, since such an action clearly arises under an Act of Congress relating to patents. Indeed, the State Courts would have no jurisdiction for hearing an action of this type."

No authority is cited for this proposition and none has been found.

All that plaintiffs allege is tortious conduct which happens to involve an application for a patent. Plaintiffs' cause of action is similar to the case of American Well Works Co. v. Layne & Bowler Company, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916). This was a case in which the plaintiff claimed a patent to a certain pump and defendants libeled and slandered the plaintiff's title to the pump by claiming that certain parts of the pump were an infringement on the defendants' pump. The plaintiff sued, asking damages for harm to his business. The Supreme Court held that this suit could not be brought under the patent laws since:

". . . [w]hether it is a wrong or not depends upon the law of the state where the act is done, not upon the patent law, and therefore the suit arises under the law of the state. A suit arises under the law that creates the cause of action." 241 U.S. 257, at 260, 36 S.Ct. 585, at 586.

Another case, T. B. Harms Co. v. Eliscu, 339 F.2d 823 (2nd Cir. 1964) formulates a reliable test which the plaintiffs have failed to meet. The test is:

". . . [A]n action 'arises under' the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act . . . or asserts a claim requiring construction of the Act . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." 339 F.2d 823, at 828.

The relationship of this suit to patents is happenstance and incidental. The substance of the claim is the alleged tortious conduct of the defendants. The complaint sets up no patent property right or privilege which is being infringed, misused or defeated. On the contrary, the complaint concedes the unpatentability and alleges only the failure of the defendants to advise them fully of the fruits of the preliminary patentability search. Patent law is not an essential ingredient of the case nor does the case require any interpretation of the patent laws and there certainly is no suggestion of any paramount national or federal interest in the dispute between these litigants in what is essentially a common law action sounding in tort. Eckert v. Braun, 155 F.2d 517 (7th Cir. 1946).

Therefore, there is no federal jurisdiction and, accordingly, it is ordered, that the defendants' motion to dismiss for lack of jurisdiction be, and the same hereby is, granted.