**John D. HEDGES, Plaintiff,**

v.

**LEGAL SERVICES CORPORATION, Peter Broccoletti, James H. Wentzel, and Does 1 through 50, Defendants.**

No. C–87–0218 SC.

United States District Court,
N.D. California.

April 14, 1987.

Arnold S. Rosenberg, Bancroft, Avery & McAllister, San Francisco, Cal., for plaintiff.

Jason D. Kogan, Bird, Morella, Boxer, Wolpert & Matz, Los Angeles, Cal., for defendants.

ORDER RE PLAINTIFF'S MOTION TO REMAND AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND BROCCOLETTI'S MOTION TO DISMISS AMENDED COMPLAINT

CONTI, District Judge.

Plaintiff brings this suit asserting various state causes of action arising from his employment with defendant Legal Services Corporation ("the Corporation"). Created by Congress as a private non-profit corporation, the Corporation exists "for the purpose of providing financial support for legal assistance in noncriminal proceedings or matters to persons financially unable to afford legal assistance." 42 U.S.C. § 2996b(a). Except as to certain provisions of the Freedom of Information Act, the Corporation is not a department, agency or instrumentality of the federal government. 42 U.S.C. §§ 2996d(e), 2996d(g). In addi-

tion, the Corporation's board members, officers and employees are not considered federal employees except as pertains to certain employee benefits (i.e. work compensation, civil service retirement, life insurance and health insurance). 42 U.S.C. §§ 2996c(c), 2996d(e) & 2996d(f). Defendant Peter Broccoletti is the Regional Officer of the Corporation's Regional Office in San Francisco and defendant James H. Wentzel is the president of the Corporation.

In July 1979, the Corporation hired plaintiff as the Assistant to Director III for the Corporation's San Francisco Regional Office. Plaintiff asserts that at this time, the Corporation was controlled by liberal Democrats appointed by former President Jimmy Carter. In January 1982, the Corporation promoted plaintiff to Regional Director for the San Francisco Regional Office.

Plaintiff contends that after his promotion, the political composition of the Corporation's Board of Directors changed. Plaintiff states that the new administration under President Ronald Reagan replaced liberal Democrats on the board with Republican conservatives. Plaintiff asserts that the new conservative board members in turn replaced liberal officers of the Corporation with conservative Republicans. Plaintiff alleges that for "political and other arbitrary reasons," the Corporation terminated his position as "Regional Director" and renamed the position "Regional Officer." Plaintiff states that when he timely applied for the "new" position of Regional Officer, the Corporation wrongfully rejected his application. Plaintiff contends that the Corporation denied his application in retaliation for a grievance plaintiff filed alleging that the layoff of Regional Directors was a politically motivated sham.

On September 5, 1986, plaintiff filed this action for wrongful termination in California Superior Court. Plaintiff served both the Corporation and Broccoletti on December 19, 1986. Plaintiff has not served Wentzel. On January 20, 1987, the Corporation removed this action to federal court. Broccoletti did not join the Corporation's removal petition. On January 23, 1987,

plaintiff filed an amended complaint. This matter is presently before the court on plaintiff's motion to remand and motion for leave to file a second amended complaint and Broccoletti's motion to dismiss plaintiff's amended complaint.

 28 U.S.C. § 1441 allows for the removal of actions that could have originally been brought in federal court. 28 U.S.C. § 1331 grants federal district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." Generally, an action "arises under" federal law only if "federal law creates the cause of action." *Merrell Dow Pharmaceuticals v. Thompson,* ── U.S. ──, ──, 106 S.Ct. 3229, 3238, 92 L.Ed.2d 650, 658 (1986). The "well-pleaded complaint" rule dictates that a defense that raises a federal question does not confer federal jurisdiction. *Id.* Generally, a plaintiff may choose his forum by alleging either state or federal causes of action. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2852, 77 L.Ed.2d 420 (1983). The removal statute is strictly construed resolving doubt in favor of remand. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

Plaintiff's complaint alleges six causes of action. Plaintiff asserts breach of the covenant of good faith and fair dealing, breach of implied contract, promissory estoppel, intentional interference with prospective economic advantage, infringement of state constitutional rights and termination in violation of public policy.

Although plaintiff pleads only state causes of action, the Corporation maintains that plaintiff's suit actually "turns upon the construction and effect of [a] federal statute." Petition for Removal ¶ 2. Specifically, the Corporation argues that plaintiff relies on 42 U.S.C. § 2996d(b)(2) when stating several of his causes of action. *Id.*

42 U.S.C. § 2996d(b)(2) provides that
[n]o political test or political qualification shall be used in selecting, appointing, promoting, or taking any other personnel action with respect to any officer, agent, or employee of the Corporation....

**302**

As part of plaintiff's cause of action for breach of implied contract, plaintiff alleges that the Corporation's personnel manual and § 2996d(b)(2) created an implied contract of continued employment between plaintiff and the Corporation. Complaint ¶¶ 31–33. Plaintiff contends that this implied contract only allowed termination for just cause of a nonpolitical nature. Complaint ¶ 33. Plaintiff implicitly incorporates the statutory directive of § 2996d(b)(2) in his causes of action for breach of the covenant of good faith and fair dealing, promissory estoppel and termination in violation of public policy. *See,* Complaint ¶¶ 27, 37 & 48.

In *Merrell Dow Pharmceuticals v. Thompson, supra,* the Supreme Court reviewed the standard for "arising under" jurisdiction. In *Merrell Dow,* the plaintiffs filed a complaint in state court alleging products liability. As part of their cause of action for negligence, the plaintiffs contended that the defendant misbranded the product in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). Plaintiffs asserted that this federal statutory violation constituted a "rebuttable presumption of negligence." Defendant removed the case contending that plaintiffs' negligence claim was founded in part on a claim arising under federal law. The Supreme Court remanded the action. Noting that both parties agreed that a federal cause of action does not exist for violations of the FDCA, the Court concluded that

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States."

*Merrell Dow,* — U.S. at ——, 106 S.Ct. at 3237, 92 L.Ed.2d at 664.

■ In the present case, plaintiff has alleged a violation of 42 U.S.C. § 2996d(b)(2) only as an element of his state causes of action. The gravamen of plaintiff's complaint is that the defendants wrongfully terminated his employment because of his political affiliation and beliefs. *See,* Complaint ¶ 1. If true, such action would violate § 2996d(b)(2) which provides that the Corporation may not use any "political test or political qualification" when taking personnel action concerning its officers or employees. More specifically, plaintiff has alleged the violation of this statutory directive as an element of four of his six state causes of action. For example, plaintiff's claim for breach of the covenant of good faith and fair dealing states that his politically motivated termination "was arbitrary, in bad faith and unfair, and therefore a violation of [the Corporation's] *legal duties....*" Complaint ¶ 27 (emphasis added). One of the "legal duties" of the Corporation is the statutory directive of § 2996d(b)(2). As for his claim for breach of implied contract, plaintiff alleges that § 2996d(b)(2) and the Corporation's personnel manual created an implied contract which the Corporation breached when it terminated plaintiff for political reasons. *See,* Complaint ¶¶ 31–34. Plaintiff makes a similar argument concerning his claim for promissory estoppel. *See,* Complaint ¶¶ 36–38. Lastly, plaintiff's claim for termination contrary to public policy refers to his alleged politically motivated termination. *See,* Complaint ¶ 49. Plaintiff will likely point to § 2996d(b)(2) as exemplifying a public policy not to terminate an employee solely because of his political affiliation.

■ Since plaintiff alleges a violation of § 2996d(b)(2) as an element of his state causes of action, this court will not have jurisdiction unless Congress has provided a private right of action for § 2996d(b)(2) violations. *See, Merrell Dow,* — U.S. at ——, 106 S.Ct. at 3237, 92 L.Ed.2d at 664. For the purpose of considering the question whether Congress provided a private right of action for violations of § 2996d(b)(2), "it is assumed that [defendants have] violated the statute and thereby caused" the alleged injuries. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Curran,* 456 U.S. 353, 374, 102 S.Ct. 1825, 1837, 72 L.Ed.2d 182 (1982). The court finds that Congress does not explicitly provide a private right of action

for violations of § 2996d(b)(2). Whether or not an implied right of action exists for § 2996d(b)(2) violations depends upon Congress' intent to create a private cause of action. *California v. Sierra Club*, 451 U.S. 287, 293, 101 S.Ct. 1775, 1779, 68 L.Ed.2d 101 (1981).

To discern whether Congress did intend to create a private cause of action, the Supreme Court has set out a four factor test.

> "First, is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,' ...—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? ... Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? ... And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" [*Cort v. Ash* ] 422 U.S. [66] at 78 [95 S.Ct. 2080 at 2088, 45 L.Ed.2d 26 (1975) ].

*Sierra Club*, 451 U.S. at 293, 101 S.Ct. at 1779 (emphasis in original); *see also, Merrell Dow*, —— U.S. at ——, 106 S.Ct. at 3234, 92 L.Ed.2d at 660. This court therefore must examine § 2996d(b)(2) in light of these four factors when determining whether or not an implied cause of action exists.

As to the first factor, the court finds that Congress did not enact § 2996d(b)(2) for the especial benefit of plaintiff's particular class. Congress enacted the Legal Services Act ("Act") for the benefit of low-income persons who might not be able to afford legal services. *See*, 42 U.S.C. §§ 2996 & 2996b(a). Employees of the Corporation may benefit from § 2996d(b)(2)'s directive disallowing the Corporation's use of a "political test of political qualification" when taking action against its employees. However, "[t]he question is not simply who would benefit from the Act, but whether Congress intended to confer federal rights upon those beneficiaries." *Sierra Club*, 451 U.S. at 294, 101 S.Ct. at 1779. In the

Act's findings, Congress stated that "to preserve its strength, the legal services program must be kept free from the influence of or use by it of political pressure." 42 U.S.C. § 2996(5). Thus, the non-political directive of § 2996d(b)(2) goes to preserving the strength of the Corporation in order that it may carry out its stated purpose of providing financial assistance to persons financially unable to afford legal assistance. *See*, 42 U.S.C. § 2996b(a). Accordingly, any benefit derived by plaintiff from § 2996d(b)(2) is indirect and inconsequential to the Act's stated purpose.

Turning to the second factor, the court finds that the legislative history evinces a congressional intent not to create a private right of action under the Act. When proposed, the Act contained the following provision allowing for a private right of action to enforce the various "prohibitions" on the Corporation's activities:

> Any interested person may bring an action in a Federal district court *to enforce compliance with the prohibitions of or under this Act by the Corporation* or any recipient or any officer or employee of the Corporation or of any recipient.

*Grassley v. Legal Services Corp.*, 535 F.Supp. 818, 823 (S.D.Iowa 1982) (emphasis in original), *quoting* S. 1815, § 1006(b)(6)(A), 93d Cong., 1st Sess., 119 Cong. Rec. 15589 (1973); H.R. 7824, § 6(c), 119 Cong. Rec. 20685 (1973). Such a provision would have provided plaintiff a private right of action against the Corporation for violations of § 2996d(b)(2). Congress however rejected this provision when passing the final version of the Act. *See*, *Grassley*, 535 F.Supp. at 823–24 (summary of Act's legislative history). This refusal to enact the proposed provision providing a private right of action under the Act demonstrates Congress' intent to deny plaintiff a federal remedy for violations of § 2996d(b)(2).

As to the third factor, the court finds that providing plaintiff a private remedy would be inconsistent with the underlying scheme of the Act. The Act contemplates a scheme of Corporation and congressional oversight. For example, 42 U.S.C. § 2996e(b)(1)(A) grants the Corporation the

authority to insure compliance by recipients and its employees with the provisions of the Act. The Act sets forth an administrative hearing procedure by which the Corporation may terminate financial support to a recipient or suspend an employee. *See* 42 U.S.C. §§ 2996j & 2996e(b)(1)(A) & (5). Furthermore, the Act requires the Corporation to report annually to both the President and Congress. 42 U.S.C. § 2996g(c). The President with the advice and consent of the Senate appoints the Corporation's board members. 42 U.S.C. § 2996c(a). Lastly, the Corporation's board must go to Congress for appropriations. 42 U.S.C. § 2996i. To sum, "[t]he legislative scheme, therefore, is one of Corporation and, ultimately, congressional oversight." *Grassley,* 535 F.Supp. at 825. Thus, a private right of action to enforce the provisions of § 2996d(b)(2) would be inconsistent with the scheme of nonjudicial enforcement set forth in the Act.

Lastly, as to the fourth factor, the court finds that implying a private cause of action would impinge upon subject matter traditionally left to state law. Wrongful termination is traditionally a state law cause of action. *See e.g., Johnson v. Smith,* 630 F.Supp. 1, 2 (N.D.Cal.1986) (court found claim for wrongful discharge in violation of public policy a "creature of state law"); *see also, Pugh v. See's Candies, Inc.,* 116 Cal.App.3d 311, 171 Cal. Rptr. 917 (1981) (wrongful termination based on theory of an implied promise to terminate only for good cause); *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980) (wrongful termination based on theory of termination contrary to public policy); *Cleary v. American Airlines,* 111 Cal.App.3d 443, 168 Cal.Rptr. 722 (1980) (wrongful termination based on theory of breach of the covenant of good faith and fair dealing). Thus, the court finds that inferring a cause of action based solely on federal law would be inappropriate in light of the state law nature of plaintiff's claims. *See, Sierra Club,* 451 U.S. at 293, 101 S.Ct. at 1779.

Therefore, judging under the Supreme Court's four factor criteria, the court finds that Congress did not intend to create an implied private right of action for violations of § 2996d(b)(2).

According to *Merrell Dow, supra,* this court then does not have federal jurisdiction over plaintiff's action. *Merrell Dow* holds that where no federal cause of action exists for a federal statutory violation, a federal court has no "arising under" jurisdiction if the complaint simply alleges the federal statutory violation as an element of the state cause of action. *Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3237, 92 L.Ed.2d at 664. As previously stated, plaintiff's complaint alleges a violation of § 2996d(b)(2) as an element of his state causes of action. Thus, since Congress does not expressly or implicitly provide a federal cause of action for § 2996d(b)(2) violations, this court has no jurisdiction over plaintiff's suit. *See, Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3237, 92 L.Ed.2d at 664.

The Corporation argues that this court has jurisdiction under the holding of *Franchise Tax Board v. Construction Laborers Vacation Trust, supra.* In *Franchise Tax Board,* the Supreme Court stated that a case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Board,* 463 U.S. at 9, 103 S.Ct. at 2846. The Corporation asserts that plaintiff's state law causes of action necessarily turn on the construction of § 2996d(b)(2). Furthermore, the Corporation argues that plaintiff's damage claim will turn on federal law. Plaintiff's damage claim extends to "loss of fringe benefits and loss of other benefits of employment." *See,* Complaint ¶¶ 28, 35, 39 & 50. The Act treats the Corporation's employees as federal employees concerning certain employee benefits (i.e. work compensation, civil service retirement, life insurance and health insurance). *See,* 42 U.S.C. § 2996d(f). The Corporation therefore contends that plaintiff's damage claim turns on federal law.

In *Merrell Dow,* the Supreme Court reviewed its holding in *Franchise Tax Board.* The Court stated that the *Franchise Tax Board* decision "must be read

with caution." *Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3233, 92 L.Ed.2d at 659. The Court also noted that in *Franchise Tax Board* they "concluded that federal jurisdiction was lacking." *Id.* The Court then specifically examined the *Franchise Tax Board* holding as it related to an alleged violation of a federal statute pleaded as an element of a state cause of action. The Supreme Court concluded that

> the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is *insufficiently* "substantial" to confer federal-question jurisdiction.

*Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3233, 92 L.Ed.2d at 662 (emphasis added).

The court rejects the Corporation's contention that the *Franchise Tax Board* holding gives this court jurisdiction over plaintiff's action. As in *Merrell Dow,* this court finds that Congress' determination not to provide a federal remedy for violations of § 2996d(b)(2) amounts to a congressional conclusion that the presence of an alleged violation of § 2996d(b)(2) as an element of a state cause of action does not confer federal-question jurisdiction. As to plaintiff's damage claims, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow,* —— U.S. at ——, 106 S.Ct. at 3233, 92 L.Ed.2d at 661. Examining plaintiff's complaint as a whole, the court finds the federal issues involved in plaintiff's general damage claims insufficiently substantial to confer federal-question jurisdiction.

Since this court lacks federal jurisdiction, the court grants plaintiff's motion to remand. The court remands this action to the Superior Court of California for the City and County of San Francisco. Plaintiff requests costs pursuant to 28 U.S.C. § 1447(c). The court denies plaintiff's request.

Since the court lacks jurisdiction over this action, the court does not consider plaintiff's motion for leave to file a second amended complaint and defendant Broccoletti's motion to dismiss plaintiff's amended complaint.

In accordance with the foregoing, it is hereby ordered that:

(1) plaintiff's motion to remand is granted; and,

(2) plaintiff's request for costs is denied.