560 So.2d 923 (1990)
DELTA PROCESS EQUIPMENT, INC.
v.
NEW ENGLAND INSURANCE CO., a Foreign Corporation, and David L. Ray.
No. CW 89 1331.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
Rehearing Denied June 4, 1990.
Timothy Monahan, Baton Rouge, for plaintiff Delta Process Equipment, Inc.
C. Emett Pugh, New Orleans, for Pugh and Associates.
Allen Darden, H. Alston Johnson, III, Baton Rouge, for New England Ins. Co., David L. Ray.
Alfred McCaleb, III, Baton Rouge, for David L. Ray.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
LOTTINGER, Judge.
We granted this rehearing of a supervisory writ to reconsider our previous decision which reversed the trial court's denial of defendant's declinatory exception raising the objection of lack of subject matter jurisdiction. At issue is whether the courts of this state have subject matter jurisdiction over a cause of action for attorney malpractice, where the alleged negligence of the attorney involves issues of federal patent law; or is jurisdiction vested exclusively in the federal courts pursuant to 28 U.S.C. § 1338(a)[1].
FACTS AND PROCEDURAL HISTORY
The plaintiff, Delta Process Equipment, Inc. (Delta), alleges that in November of 1983 it retained attorney David L. Ray (Ray), to advise it as to the patentability of its home sewage treatment system and to secure patent protection for it. Delta further contends that when Ray was initially retained its system had been in public use *924 for approximately six months, and that defendant Ray was aware of this by April of 1984 at the latest.
Defendant Ray filed a patent application for Delta's invention on September 16, 1985. On March 17, 1987, patent No. 4,650,577 was issued pursuant to this application. Two months later a competitor accused Delta of fraud on the patent office, use of an invalid patent, antitrust violations, and unfair trade practices. These accusations were based on 35 U.S.C. § 102(b), otherwise known as a "statutory bar." This statute provides in part that "[a] person shall be entitled to a patent unless ... the invention was in public use or on sale in this country, more than one year prior to the date of the application for patent...."
Delta thereafter filed an attorney malpractice suit against Ray and his insurer, New England Insurance Co. (New England), in the 19th Judicial District Court, Parish of East Baton Rouge. Delta alleges that Ray was negligent in that he failed to timely file the patent application, he failed to make relevant inquiries and disclosures concerning prior sales of the system, and that he gave erroneous advice concerning the timing of the patent application.[2]
After answering the petition, the defendants filed the declinatory exception raising the objection of lack of subject matter jurisdiction based on 28 U.S.C. § 1338(a). The trial court overruled the exception. We granted writs, and finding that plaintiff's claim was subject to exclusive federal jurisdiction under § 1338(a), we reversed the trial court and dismissed plaintiff's case with prejudice. We then granted this rehearing upon plaintiff's request.[3]

ISSUE
The sole issue presented for resolution in this rehearing is whether this professional malpractice cause of action, which alleges that the defendant attorney failed to timely file a patent application within one year of the first public use of an invention, as required by 35 U.S.C. § 102(b), is an action "arising under" the patent laws pursuant to 28 U.S.C. § 1338(a).

LAW
The "arising under" language in 28 U.S.C. § 1338(a) parallels the general federal question "arising under" jurisdictional provision found in 28 U.S.C. § 1331. It is clear that Congress specifically intended the "arising under" language in § 1338(a) to be interpreted in the same way as the "arising under" language in § 1331 for purposes of federal question jurisdiction. House of Representative No. 312, 97th Congress, 1st Session, 41; Christianson v. Colt Industries Operating Corp., 822 F.2d 1544, 1553 (Fed.Cir.1987), aff'd 486 U.S. 800, 108 S.Ct. 2166, 2173, 100 L.Ed.2d 811 (1988).
*925 Christianson is the U.S. Supreme Court's most recent pronouncement on the § 1338(a) jurisdictional language. Christianson arose as a result of a conflict between federal circuit courts. The Court of Appeals for the Federal Circuit had reached an impasse with the Seventh Circuit Court of Appeals concerning which court should hear an appeal from the Federal District Court for the Central District of Illinois. Title 28 U.S.C. § 1295(a)(1) grants to the Court of Appeals for the Federal Circuit exclusive jurisdiction over appeals of actions based at least "in part" upon 28 U.S.C. § 1338. Accordingly, in order to decide which appellate court had jurisdiction over the case on appeal, the Supreme Court had to determine whether or not the case was covered by 28 U.S.C. § 1338(a). Justice Brennan, writing for a unanimous court, stated the issue as follows; "[t]hus, the jurisdictional issue before us turns on whether this is a case `arising under' a federal patent statute, for if it is then the jurisdiction of the District court was based at least `in part' on § 1338." 108 S.Ct. at 2173.
The Supreme Court was well aware that its decision concerning § 1338 would have implications far beyond which appellate court should hear the Christianson appeal. The court recognized that its decision would affect the division of jurisdiction between state and federal courts:
"Colt correctly points out that in this case our interpretation of § 1338's `arising under' language will merely determine which of two federal appellate courts will decide the appeal, and suggests that our `arising under' jurisprudence might therefore be inapposite. Since, however, § 1338 delineates the jurisdiction of the federal and state courts over cases involving patent issues, the phrase (like the identical phrase in § 1331) `masks a welter of issues regarding the interrelation of federal and state authority and proper management of the federal judicial system.'" (citations omitted) (emphasis added) 108 S.Ct. at 2173, fn 2.
Justice Brennan's synopsis of the jurisprudence pertinent to the determination of whether or not a case is one "arising under" federal patent law is found at page 2173 of the Christianson opinion. After his review of prior "arising under" jurisprudence, Justice Brennan summarized the two-part test for determining § 1338 jurisdiction:
"Linguistic consistency, to which we have historically adhered, demands that § 1338 jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends upon resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." (citations omitted) (emphasis added) 108 S.Ct. at 2173.
The Christianson Court then applied the above test to the facts of that case. The Court first found that the plaintiff's cause of action was not created by federal patent law, and therefore looked to the second part of the test. This analysis revealed that although some of plaintiff's claims included an essential patent law element, not all of plaintiff's claims included such an element.
"Nor is it necessarily sufficient that a well-pleaded claim alleges a single theory under which resolution of a patent-law question is essential. `If on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of [the patent laws] why the [plaintiff] may or may not be entitled to the relief it seeks,' ... then the claim does not `arise under' those laws.... Thus, a claim supported by alternative theories in the complaint may not form the basis for § 1338 jurisdiction unless patent law is essential to each of those theories.
. . . .
... "The patent-law issue, while arguably necessary to at least one theory under each claim, is not necessary to the overall success of either claim.
. . . .

*926 ... "Since there are `reasons completely unrelated to the provisions and purposes' of federal patent law why petitioners may or may not be entitled to the relief [they] see[k]' under their monopolization claim ... the claim does not `arise under' federal patent law."

Christianson, 108 S.Ct. at 2174-75 (citations omitted).
The plaintiff's right to relief in the instant case, like the plaintiff in Christianson, does not necessarily depend on resolution of a substantial question of federal patent law, i.e. the validity of the patent. Even without a showing of the invalidity of the patent, the plaintiff may be able to prove damages and has therefore stated a cause of action under state law.
The allegations of negligence asserted by plaintiff that defendant Ray failed to determine whether prior sales of the invention met the experimental use exception, that he failed to make certain good faith disclosures to the Patent and Trademark Office as required by federal regulations, and that he generally failed to diligently prepare and file the patent application, support the plaintiff's theory that his patent rights were damaged, notwithstanding the validity of the patent which was issued. These acts of negligence by the defendant, if proven true could cause the plaintiff damages merely by creating an issue as to the validity of the patent.
If, because of the defendant's negligence, the validity of the patent is questionable, it is certainly conceivable that the plaintiff would suffer a loss of business and be forced into litigation to assert the validity of its patent. The fact that the patent is ultimately upheld will not allieviate these damages.
We express no opinion on the merits of such a theory, we only recognize that it exists and that under the test set out in Christianson, exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) is absent.
Of course, since the state court does indeed have jurisdiction over this cause of action it can decide the entire case, including the question of the validity of the patent at issue.
This is made clear by the Federal Circuit Court of Appeals in Christianson, 822 F.2d 1544, at 1552 (Fed.Cir.1987), which was affirmed at 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988):
"Congress was not concerned that an occasional patent law decision of a regional circuit court, or of a state court, would defeat its goal of increased uniformity in the national law of patents.... [fn. 10] The regional circuits are, of course, perfectly competent, as are state courts, to determine patent `questions' or `issues' that may occasionally arise in cases within their jurisdiction." (Citations omitted).
The Court of Appeals for the Federal circuit went on to state that:
"[T]he Supreme Court has consistently held that cases do not `arise under' the patent laws merely because the case involves issues of a patent's validity and scope." (Citations omitted) Christianson, 822 F.2d 1544, 1554 (Fed.Cir.1987).
Our decision in this case is also supported by Merrell Dow Phamaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), which was relied on by Justice Stevens in his concurring opinion in Christianson, 108 S.Ct. at 2180. In Merrell Dow the plaintiff brought a negligence action against the manufacturer of the drug Bendectin alleging that the drug was misbranded in violation of the Federal Food, Drug and Cosmetic Act, resulting in birth defects. Violation of the federal statute was vital to proving negligence in the state cause of action. The Court, however, 106 S.Ct. at 3235, found that the federal issue, while "substantial" to the plaintiff's case, was not "substantial" as that term is used in the "arising under" context:
"We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action *927 is insufficiently `substantial' to confer federal-question jurisdiction."
In Merrell Dow the federal labelling statute sought to prevent the kind of injury sued upon. The case at bar presents less compelling reasons for finding federal court jurisdiction. The federal statute at issue, 35 U.S.C. § 102(b), is intended to encourage prompt filing of patent applications, not to protect an inventor from the malpractice of his attorney. Voight v. Kraft, 342 F.Supp. 821, 822 (D.Idaho, 1972).
Voight was a malpractice action brought by an inventor against his patent attorney and filed in United States District Court of Idaho. The court found that the federal regulations make "no mention of relief for the disgruntled client of a patent attorney." Id. at 822. The court also found that there was no paramount federal interest in what is essentially a common law action sounding in tort. No federal jurisdiction existed and the case was dismissed.
Therefore, in the case at bar, there is no federal professional malpractice cause of action for violation of 35 U.S.C. § 102(b) or the regulations affecting attorneys registered to practice before the Patent and Trademark Office. The cause of action in this case is created by state law. The holding of Merrell Dow applies and this case is not one "arising under" the patent statutes within the meaning of 28 U.S.C. § 1338(a).
Luckett v. Delpark, Inc., 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703, (1926), also presents issues analogous to this case. In that case, Luckett, the patent owner, brought an action against Delpark, Inc. under a royalty agreement. In its complaint, Luckett alleged that Delpark, Inc. was actively engaged in the manufacture and sale of garments which infringed Luckett's patent and upon which royalties had not been paid. 46 S.Ct. at 398. An essential element of the claim was that the disputed garments infringed Luckett's patent. The Court held that the main purpose of the suit was to enforce a contract, a state cause of action. The court acknowledged that Luckett could have sued for patent infringement rather than breach of contract. However, "the plaintiff is absolute master of what jurisdiction he will appeal to." 46 S.Ct. at 401, citing The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410 at 411, 57 L.Ed. 716 (1913). The federal district court dismissed for lack of jurisdiction.

CONCLUSION
Therefore, for the above and foregoing reasons, the judgment of the trial court overruling defendant's exception of no cause of action is hereby affirmed, and this case is remanded back to the trial court for disposition on the merits. Our prior order reversing the trial court is hereby vacated. Costs of this proceeding to be assessed to defendants, New England Insurance Co. and David L. Ray.
AFFIRMED.
NOTES
[1] 28 U.S.C. § 1338(a) provides that:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases."
[2] Paragraph nine of Delta's petition reads as follows:

"During the course and scope of said employment, defendant Ray was negligent in one or more of the following particulars:
(a) failing to inquire into the timing and nature of any sales of the invention;
(b) advising plaintiff that as long as it was making any modifications of the unit, there was no time pressure to file a patent application;
(c) failing to file a patent application within one year of the date of the first offer for sale of the invention thereby causing plaintiff to lose all patent rights pursuant to Title 35 § 102(b) of the United States Code, otherwise known as a statutory bar;
(d) failing to determine whether the sales of the invention met the `experimental use exception' to a statutory bar;
(e) failing to disclose to the Patent and Trademark Office sales of the invention pursuant to the duty of candor and good faith as set out in 37 C.F.R. § 1.56; and
(f) notwithstanding the above, failing to diligently prepare and file the patent application for the invention."
[3] Subsequent to our granting writs and dismissing plaintiff's case, but prior to our granting this rehearing, the plaintiff filed suit against the same defendants, alleging substantially the same acts of negligence, in U.S. District Court for the Middle District of Louisiana. After we granted this rehearing, the defendants filed a motion to vacate the order granting a rehearing, claiming that there is no longer a justiciable controversy because the parties now agree that exclusive jurisdiction of plaintiff's claim rests in federal court. However, the motion to vacate is signed by defendants alone and is not a joint motion by plaintiff and defendants. The motion to vacate is denied.