**COMMONWEALTH FILM PROCESSING, INC.,**
**Plaintiff,**

v.

**MOSS & ROCOVICH, P.C., et al., Defendants.**

**Civ. A. No. 91–0479–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 18, 1991.

Fred D. Smith, Jr., Richmond, Va., Thomas E. Albro, Glen M. Robertson, Tremblay & Smith, Charlottesville, Va., for plaintiff.

Gerald A. Dechow, Moss & Rocovich, Roanoke, Va., C. Richard Cranwell, Cranwell & Moore, Roanoke, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff filed this attorney malpractice claim in June of 1991 in the Circuit Court of Henry County, Virginia. Plaintiff alleges that the Moss & Rocovich defendants "negligently failed to demonstrate adequate knowledge of the law of trade secrets and patents in advising [Commonwealth Film Processing] about settlement proposals and defending [Commonwealth's] lawsuit" and "negligently failed to associate counsel skilled in the law of trade secrets and patents." Defendants filed Notice of Removal to this court pursuant to 28 U.S.C. §§ 1441 and 1446, on the theory that the plaintiff's allegations necessarily would require resolving a substantial question of federal patent law and therefore exclusive jurisdiction over this suit would lie in this Court. 28 U.S.C. § 1338(a). The Court feels it lacks jurisdiction, and must therefore remand the case to the Circuit Court of Henry County, Virginia.

Commonwealth Film Processing, Inc. filed a Motion for Judgment in state court, alleging that the defendants were negligent in their representation of Commonwealth in litigation and settlement of *Martin Processing, Inc. v. Commonwealth Film Processing, Inc., et al.*, No. 87–0045–D (W.D.Va. Jan. 16, 1990) and *Martin Processing, Inc. v. Commonwealth Film Processing, Inc., et al.*, No. 87–0045–D (W.D.Va. Aug. 24, 1990). In its Motion for Judgment, Commonwealth alleges that the defendants committed malpractice in that they:

(a) advised CFPI that certain oral agreements reached by CFPI and MPI [Martin Processing] were binding and enforceable when adequate knowledge of the statute of frauds would have led a reasonably prudent attorney handling a patent and trade secrets case to have advised CFPI otherwise;

(b) negligently failed to advise CFPI of the consequences of failure to sign a written agreement setting forth the oral agreements reached by CFPI and MPI;

(c) negligently concluded that the correspondence and documents prepared by the defendants on or about September 7, 1988 constituted an acceptance of a written settlement proposal submitted by MPI;

(d) negligently failed to withdraw as counsel when a suit to enforce the alleged oral agreement was deemed necessary;

(e) negligently failed to demonstrate adequate knowledge of the law of trade secrets and patents in advising CFPI about settlement proposals and defending the lawsuit;

(f) negligently failed to associate counsel skilled in the law of trade secrets and patents for the purpose of evaluating settlement offers and in defending the lawsuit; and

(g) negligently failed to ensure that the written agreement entered into between MPI and CFPI in May of 1990 included a provision that CFPI was to receive a percentage of gross receipts from the sale of products ordered from CFPI as of the date of the agreement. [And] as a direct and proximate result of the defendants' failure to exercise that degree of skill, care, and knowledge re-

quired of a reasonably prudent attorney, the plaintiff was damaged ...

*Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C., et al.,* No. CL91–232 (Cir. Ct. Henry County, Va. filed June 7, 1991). Defendants removed the case to federal court. Plaintiff has moved to remand, claiming that removal was improper.

■ The Court determines whether an action arises under federal law by applying the well-pleaded complaint rule. Title 28 U.S.C. § 1331 jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint], unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose." *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914); *Zieg v. Shearson/American Express, Inc.,* 592 F.Supp. 612, 613 (E.D.Va. 1984). A case arises under federal law when the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). For the federal courts to have jurisdiction under the well-pleaded complaint standard, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Franchise Tax Bd.,* 463 U.S. at 10–11, 103 S.Ct. at 2846–47 *quoting Gully v. First National Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936). However, "a state law negligence cause of action that incorporates federal law by reference does not 'arise under' federal law." *Zeig,* 593 F.Supp. 612, 614 (E.D.Va.1984).

■ The face of Commonwealth's complaint alleges a state law negligence claim; essentially, Commonwealth contends the defendants committed malpractice in not reducing the Martin–Commonwealth settlement agreement to writing. This allegation cannot be said to require construction of federal patent law. While Commonwealth claims in counts (e) and (f) that defendants did not demonstrate adequate knowledge of patent law or associate an attorney with such knowledge, federal patent law did not create the malpractice cause of action nor is it an essential element of the plaintiff's well-pleaded complaint. The crux of Commonwealth's claim is that defendants' advice was not given with "that degree of skill, care, and knowledge required of a reasonably prudent attorney." Complaint, paragraph 8. The court that decides this issue need not construe patent law, it need only establish the appropriate standard of care to which the defendants should be held and then determine if the defendants met it.

This case is similar to *Voight v. Kraft,* 342 F.Supp. 821 (D.Idaho 1972). The *Voight* plaintiffs sued their attorneys for malpractice because they allegedly advised the inventors to pursue a patent on a device that was unpatentable. No diversity of citizenship existed among the parties, and the attorneys moved the federal court to dismiss for lack of jurisdiction. The plaintiff inventors alleged § 1331 ("arising under") jurisdiction, and jurisdiction under 35 U.S.C. § 31 (regulating practice before the patent and trademark office). The Federal District Court dismissed the case, holding:

> The relationship of this suit to patents is happenstance and incidental. The substance of the claim is the alleged tortious conduct of the defendants. The complaint sets up no patent property right which is being infringed, misused, or defeated.... Patent law is not an essential ingredient of the case nor does the case require any interpretation of the patent laws and there certainly is no suggestion of any paramount national or federal interest in the dispute between these litigants in what is essentially a common law action sounding in tort.

*Voight v. Kraft,* 342 F.Supp. at 822. In the case at bar, there is no diversity of citizenship, and the relationship of Commonwealth's suit to patent law is similarly happenstance. Breach of the reasonable professional standard of care is a common law cause of action in tort; that the advice was rendered on a matter governed by

federal law does not provide this Court jurisdiction to hear the underlying malpractice complaint.

Defendants urge, in opposition to Plaintiff's Motion to Remand, that the Fourth Circuit has held that state law claims for fraud and breach of warranty arise under the federal copyright laws, and so, by analogy, must state law claims for negligent advice in patent cases. In *Christopher v. Cavallo,* 662 F.2d 1082 (1981), Ms. Cavallo infringed upon the copyright of James M. Barrie's classic play *Peter Pan, or the Boy Who Would Not Grow Up.* She contracted with Mr. Christopher, operator of the Barn Dinner Theater in Richmond, to produce a play that she claimed to own and principally to have created called *Peter Pan—The Magical Musical.* The Hospital for Sick Children, owners of the Barrie copyright, enjoined the production and won a judgment against Mr. Christopher. He sued Ms. Cavallo to recover the judgment, and other damages, on the grounds that she had fraudulently misrepresented that her work did not infringe upon the Barrie copyright and that she lacked sufficient title to her play to sell or license it. The Fourth Circuit found federal jurisdiction existed under the *Gully* standard because proof of the infringement was "an element, *and an essential one,* of the plaintiff's cause of action." *Id.* at 1083 (emphasis in original). Construction of the copyright laws was required to prove the infringement, and "the existence of the infringement was necessary to prove the breach of warranty." *Id.* at 1083.

In the instant case, however, construction of federal patent laws is in no way an essential element of the underlying state tort claim. The complaint primarily alleges malpractice in advice regarding the Statute of Frauds and the settlement agreement. If, "on the face of a well-pleaded complaint there are ... reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff may or may not be entitled to the relief it seeks, then the claim does not 'arise under' those laws." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988) *quoting Fran-*

*chise Tax Bd.,* 463 U.S. at 26, 103 S.Ct. at 2855.

Federal courts must construe the federal removal statute strictly, and resolve doubts in favor of remanding cases to state courts. *Hedges v. Legal Services Corp.,* 663 F.Supp. 300, 301 (N.D.Cal.1987); *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). This court lacks jurisdiction over this cause of action, and its adjudication in state court is appropriate. The Federal Circuit has recently said of the patent jurisdiction granted it that "Congress was not concerned that an occasional patent law decision of a regional court, or of a state court, would defeat its goal of increased uniformity in the national law of patents." *Christianson v. Colt Indus. Operating Corp.,* 822 F.2d 1544, 1552 (Fed. Cir.1987), *aff'd* 486 U.S. 800, 810, 108 S.Ct. 2166, 2174, 100 L.Ed.2d 811 (1988). That court went on to observe that "the regional circuits are, of course, perfectly competent, as are state courts to determine patent 'questions' or 'issues' that may occasionally arise in cases within their jurisdiction." *Id.* at 1552 n. 10 (citations omitted).

For the foregoing reasons, this court lacks jurisdiction over this matter. Plaintiffs's motion to remand is hereby GRANTED.