Revolutionary Concepts, Inc. v. Clements Walker PLLC, 2010 NCBC 4.

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
08 CVS 4333

REVOLUTIONARY CONCEPTS, INC.,
a North Carolina corporation, and
RONALD CARTER,

                Plaintiffs,

      v.

CLEMENTS WALKER PLLC, a North
Carolina professional limited liability
company; F. RHETT BROCKINGTON;
RALPH H. DOUGHERTY; GREG N.
CLEMENTS; and CHRISTOPHER L.
BERNARD,

                Defendants.

ORDER & OPINION

{1}     THIS MATTER is before the Court on Defendants' Motions to Dismiss for lack of subject matter jurisdiction and lack of standing pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the North Carolina Rules of Civil Procedure and Defendants' Motions to Strike paragraph 47 of the Complaint pursuant to Rule 12(f).

> *The Harrington Practice PLLC by James M. Harrington and Glen A. Cipriani for Plaintiffs Revolutionary Concepts, Inc. and Ronald Carter.*
>
> *Poyner & Spruill LLP by Cynthia L. Van Horne and E. Fitzgerald Parnell, III for Defendants Clements Walker PLLC, F. Rhett Brockington, Greg N. Clements, and Christopher L. Bernard.*
>
> *James, McElroy & Diehl, P.A. by Edward T. Hinson, Jr. for Defendant Ralph H. Dougherty.*

Tennille, Judge.

INTRODUCTION

{2}    This is a legal malpractice action against patent attorneys and a patent agent in which Plaintiffs seek damages based upon loss of foreign patent rights due

to the alleged negligence of Defendants.  Defendants have moved to dismiss this action based upon exclusive federal jurisdiction.  The Court concludes that this case does not fall within the exclusive jurisdiction of the federal courts and accordingly denies Defendants' Motions to Dismiss for Lack of Jurisdiction.  The present motions raise significant issues involving the relationship between state and federal courts upon which there is no clear agreement.  Were the motions to be granted, it would also be dispositive of Plaintiffs' claims based upon the present procedural posture.[1] The decision thus affects substantial rights of all parties.

I.

THE COMPLAINT AND PARTIES

{3}     The original Complaint in this action alleged six claims: professional malpractice by a patent agent, professional malpractice by attorneys, failure to supervise a non-attorney employee, respondeat superior, misappropriation of funds, and breach of contract.[2]  For purposes of this opinion the key allegations are found in the following paragraphs:

> Despite their failure to file the PCT Application, on or about September 16, 2005, Brockington filed or caused to be filed with the [United States Patent and Trademark Office ("USPTO")] a form rescinding the previous Request and thereby causing the Application to be published by the USPTO on December 29, 2005.

> By virtue of the publication of the Application in the United States without the filing of a corresponding PCT or other foreign application relating back to a date before the date of publication, one or more requirements of patentability in certain advantageous foreign jurisdictions, including the European Union, Japan, and others, to wit the absolute public novelty of the invention, can no longer be fulfilled by Carter and RCI with respect to the subject matter so published.

> As the direct and proximate result of the Defendants' conduct, therefore, Carter and RCI have been substantially divested of the

---

[1] Plaintiffs filed an earlier action in which they took a voluntary dismissal without prejudice and would face significant statute of limitation problems if this case were dismissed.  An adverse ruling on the jurisdiction issue may thus be outcome determinative on the malpractice claim.

[2] The breach of contract claim has been voluntarily dismissed, an issue dealt with in more detail in paragraphs 35 and 36 below.

ability to obtain patent protection for their invention in foreign jurisdictions.

(Compl. ¶¶ 28–30.)

{4}     Ronald Carter ("Carter") is an inventor of technology described as an "automated audio video messaging and answering system." That technology is the subject of United States Patent No. 7,193,644 (the "'644 Patent"). Revolutionary Concepts, Inc. ("Revolutionary Concepts") is the record owner of that patent. Carter claims to be the sole inventor and was the only inventor listed on the patent application. A prior application had listed Emmanuel Ozoeneh ("Ozoeneh") as a co-inventor of the technology sought to be patented by that prior application.

{5}     Defendants are a patent agent ("Brockington") and patent lawyers ("Dougherty," "Clements," "Bernard," and "Mason") and their firm, Clements Walker PLLC (the "Law Firm"). Defendants are accused of negligently taking certain actions in the United States Patent Office which resulted in the loss of foreign patent rights to the technology covered by the '644 Patent.

II.

MOTIONS TO DISMISS

{6}     Pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure, Defendants have moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction. They contend that the facts alleged in the Complaint place the issues in this case within the exclusive jurisdiction of the federal courts under the provisions of 38 U.S.C. § 1338(a). Defendants also have moved to dismiss Plaintiff Carter's claims pursuant to Rule 12(b)(6) for lack of standing. They base their 12(b)(6) motions on Carter's allegations that he transferred all of his interest in the subject technology to the corporate Plaintiff, Revolutionary Concepts.

III.

PARALLEL FEDERAL ACTION

{7}     After this case was filed, Plaintiffs commenced an action in the United States District Court for the Western District of North Carolina captioned *Carter v.*

*Ozoeneh*, No. 3:09-CV-614-RJC, 2009 U.S. Dist. LEXIS 84441 (W.D.N.C. Sept. 16, 2009) (the "Federal Action"). In the Federal Action, Plaintiffs sought a declaratory judgment to establish that Ozoeneh was not an inventor of the '644 Patent. *Id.* at *5. Plaintiffs also sought to file an amended complaint to add Jason Miller, one of the attorney Defendants in this action, and Lawyers Mutual Liability Company of North Carolina on claims for tortious interference with contract and prospective advantage, unfair competition, maintenance, and racketeering. *Id.* at *7, *12–20.

{8} The Federal Magistrate Judge in that case entered an order denying the motion to amend. *Id.* at *24. The Federal Magistrate Judge also recommended that Plaintiffs' claims against the John Doe Defendants be dismissed with prejudice. *Id.* Regardless of whether the District Court accepts that recommendation, the Federal Action will still determine the respective claims to inventorship and ownership of the '644 Patent as between Carter and Revolutionary Concepts on the one hand and Ozoeneh on the other.

IV.

STATE VERSUS FEDERAL JURISDICTION IN PATENT MALPRACTICE ACTIONS

{9} Professional malpractice actions are negligence actions which have historically fallen within the jurisdiction of state courts. *See Singh v. Duane Morris LLP*, 538 F.3d 334, 339 (5th Cir. 2008). Usually, the issues are simple: Did the defendant owe a duty to the plaintiff, and was that duty breached? Both questions are quintessential state law tort issues, whether they involve doctors, lawyers, engineers, architects or other professionals.

{10} However, Congress has established exclusive federal jurisdiction over cases arising under patent and copyright laws through section 1338(a) of Title 28, which provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

28 U.S.C. § 1338(a) (2009).

{11}   The scope of section 1338 jurisdiction was first clearly defined by the United States Supreme Court in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988). Although that case involved a dispute between two federal circuits, the decision also set forth the essential test for exclusive federal jurisdiction in patent cases involving state claims. *Id.* at 808–09. The Court in *Christianson* held that section 1338 jurisdiction extended to:

> . . . those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or *that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.*

*Id.* (emphasis added).

{12}   The Supreme Court relied upon two principles from earlier cases to decide whether patent law was a necessary element of one of the well-pleaded claims. *Id.* at 810. First, the Court held that the decision is based solely upon the claims in the complaint. *Id.* Second, the Court determined that where a claim is supported by alternative theories in the complaint, patent law must be essential to every claim. *Id.* Stated differently, if a claim in the complaint is supported by a theory that does not involve an essential element of federal patent law, federal jurisdiction does not attach. Finding that the patent issues were inessential to the overall success of the plaintiff's antitrust claims, the Court held that there was no federal jurisdiction. *Id.*

{13}   After *Christianson* a number of cases addressed the issue of preemption in legal malpractice claims. In *Fotodyne, Inc. v. Barry*, 1989 Wisc. App. LEXIS 920 (1989), the Court of Appeals of Wisconsin found that there was no preemption where the plaintiff had alleged at least one claim to which patent law was not essential. In that case the plaintiff had alleged three separate allegations of negligence, the third of which asserted that the defendants informed the clients in an untimely manner that the USPTO had rejected their application, but that patent protection might be available in foreign countries. *Id.* The Wisconsin court found that this third claim was unrelated to the provisions and purposes of U.S. patent

laws and that the plaintiff might prevail on that claim standing alone.  *Id.*
Accordingly, it upheld state court jurisdiction based upon its understanding of
*Christianson.*  *Id.*

{14}   In *Commonwealth Film Processing, Inc. v. Moss & Rocovich, P.C.*, 778 F.
Supp. 283 (W.D. Va. 1991), plaintiffs alleged that defendants lacked knowledge to
properly advise plaintiffs in the defense and settlement of a prior patent lawsuit.  In
a short opinion the federal district court remanded the case to state court holding
that "federal patent law did not create the malpractice cause of action nor [wa]s it
an essential element of the plaintiffs' well-pleaded complaint."  *Id.*  The court found
no federal jurisdiction where the determination to be made was whether there had
been a breach of the appropriate standard of care.  *Id.*

{15}   Other cases have also allowed state courts to exercise jurisdiction over
malpractice and tort claims arising from advice rendered on a matter governed by
federal law.  *See, e.g.*, *Adamasu v. Gifford, Krass, Groh, Sprinkle, Anderson &
Citkowski, P.C.*, 409 F. Supp. 2d 788, 792 (E.D. Mich. 2005); *Minatronics Corp. v.
Buchanan Ingersoll P.C.*, 28 Pa. D. & C.4th 214, 220–21 (Pa. C.P. Ct. 1996); *IMT,
Inc. v. Haynes & Boone, LLP*, No. 3:98-CV-2634-D, 1999 U.S. Dist. LEXIS 1083,
*7–11 (N.D. Tex. 1999).  These cases support the proposition that simply rendering
"advice on a matter governed by federal law and prosecut[ing] a patent through a
federal agency does not constitute an issue that 'arises under any Act of Congress
relating to patents,' as 28 U.S.C. § 1338 requires."  *Adamasu*, 409 F. Supp 2d at 792.

{16}   One case of note is the Nebraska Supreme Court decision in *New Tek
Manufacturing, Inc. v. Beehner*, 702 N.W.2d 346 (Neb. 2005).  In that case, the
plaintiff alleged that the defendant had negligently caused its patent to expire and
it had, therefore, lost the ability to sue a specific infringer.  *Id.* at 342.  The court
held that the state court had jurisdiction.  *Id.* at 272.  It provided the following
explanation: "Simply stated, it is difficult to see how this case arises under federal
patent law when on the record before us, the only patent that has been construed,
and of which infringement is alleged, has expired.  The federal government has no
interest in hypothetical determinations regarding an unenforceable patent."  *Id.*

{17}   This Court acknowledges that not all courts have recognized state court jurisdiction in a legal malpractice claim.  In *GroteApproach, Ltd. v. Reynolds*, No. 3:04-CV-2735-BF, 2005 U.S. Dist. LEXIS 16362, *2–4 (N.D. Tex. Aug. 9, 2005), the court found federal jurisdiction when the plaintiff alleged negligent failure to file a timely patent application.  In that case, the complaint "necessarily" required the plaintiff to prove that it had possessed something patentable and that a section 102(b) deadline was missed.  *Id.* at *3.  Because the legal malpractice claim "necessarily depend[ed] on a resolution of substantial question of federal patent law," the court found that the *Christianson* test had been met.  *Id.* at *3–4.

{18}   Following these cases came two 2007 decisions by the United States Court of Appeals for the Federal Circuit which some argue call into question the historical divide between state and federal jurisdiction of patent malpractice claims.

{19}   The first of the two companion cases is *Air Measurement Technologies, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 504 F.3d 1262 (Fed. Cir. 2007).  In this case, the Court noted that "there is a strong federal interest in the adjudication of patent infringement claims in federal court."  *Id.* at 1272.  The decision turned on whether the patent issue was a "necessary element of the malpractice case."  *Id.*  For example, in that case the plaintiff would have to prove an underlying infringement claim which presented a substantial question of patent law conferring section 1338 jurisdiction.[3]  *Id.*  The Federal Circuit held

> . . . that at least where, as here, establishing patent infringement is a necessary element of a malpractice claim stemming from alleged mishandling of patent prosecution and earlier patent litigation, the issue is substantial and contested, and federal resolution of the issue was intended by Congress, there is "arising under" jurisdiction under § 1338.

*Id.* at 1273.

{20}   In the second companion case, *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007), decided on the same day as *Air Measurement*

---

[3] See also *Byrne v. Wood, Herron & Evans, LLP*, 2009 U.S. Dist. LEXIS 117245 (E.D. Ky. Dec. 16, 2009), which also involved infringement issues.

*Technologies*, the Federal Circuit Court applied the same reasoning. That case, however, involved a malpractice claim with only one patent issue—whether the law firm had been negligent in drafting the patent too narrowly, resulting in inadequate patent protection. *Id.* at 1284–85. To address the drafting error, the Court would need to determine the scope of the patent. *Id.* at 1285. Therefore, determining the scope of the patent was a necessary and essential element of plaintiff's claim. *Id.* Based on the fact that this necessary element was contested, the Court concluded that there existed a substantial issue of patent law. *Id.* The issue of scope of the patent was raised in the complaint.

{21}   Two subsequent cases appear to have relied upon the new Federal Circuit holdings where the validity of the patent was an essential and contested element of the plaintiff's claim. In *Chopra v. Townsend, Townsend & Crew, LLP*, No. 07-CV-02447-MSK-MEH, 2008 U.S. Dist. LEXIS 13471, *3–4 (D. Colo. Feb. 13, 2008), the validity of the patents were at issue. The court found federal jurisdiction where, in order to establish his claim, the plaintiff had to prove that his patent application would have been successful and his competitor's application unsuccessful if his application had been properly prosecuted. *Id.* Likewise, in *LaBelle v. McGonagle*, No. 07-12097-GAO, 2008 U.S. Dist. LEXIS 63117, *6 (D. Mass. Aug. 15, 2008), the validity of a patent was an essential element of plaintiff's claim. In that case, the defendant's alleged failure to file a patent application constituted the negligent act. *Id.* Therefore, plaintiff would need to prove that he would have obtained a valid patent if the application had been filed. *Id.* The Court found that element sufficient to support federal jurisdiction. *But see Minatronics*, 28 Pa. D. & C.4th at 220–21.

{22}   These cases stand for the proposition that where a legal malpractice claim requires the determination of the validity, scope, or infringement of a U.S. patent, the federal courts have exclusive jurisdiction. It makes sense for federal courts to decide issues involving federal patent law. Having different states determine the validity, scope and infringement of a U.S. patent would be unworkable and would create the possibility of inconsistent decisions. It is that threat of inconsistency which underlies the scope of federal preemption. It is also clear that federal judges

have more experience and expertise in deciding issues of U.S. patent law such as scope, validity, and infringement. *See Immunocept,* 504 F.3d at 1285–86.

{¶23} Federal jurisdiction can arise in other ways, as two recent cases demonstrate. In *TattleTale Portable Alarm Systems, Inc. v. Calfee, Halter & Griswold, LLP*, No. 08AP-693, 2009 Ohio App. LEXIS 1217, *1–2 (Mar. 26, 2009), the owner of a U.S. patent filed a malpractice action against defendants alleging that defendants had "failed to ensure that maintenance fees were paid to the USPTO, resulting in the loss of a crucial patent thereby causing [plaintiff] to incur substantial money damages, including a multimillion dollar contract" with a large customer. The Ohio court found exclusive federal jurisdiction on two grounds. First, it found that the damage calculation could not be determined without first determining the scope of the patent that had been lost. *Id.* at *9. Second, it held that "whether or not the patent had lapsed, and whether or not revival/reinstatement should have been sought, require the construction and interpretation of federal patent law." *Id.* at *12.

{¶24} *Lockwood v. Sheppard, Mullin, Richter & Hampton*, 93 Cal. Rptr. 3d 220 (App. Dep't Super. Ct. 2009), was a case with interesting twists. A patent owner sued a law firm that had requested reexamination of the owner's patents in the USPTO on behalf of a client of the law firm. *Id.* at 222. Plaintiff alleged various tort claims based upon misrepresentation by defendant of prior art. *Id.* at 228. The alleged misrepresentations were made as part of the request for reexamination. *Id.* Plaintiff prevailed in the reexamination process, but claimed to have lost substantial sums as a result of the reexamination process. *Id.* at 222. He had lost on summary judgment at the trial level and was arguing on appeal that the trial court in which he had filed suit did not have jurisdiction based upon section 1338. *Id.* at 221.

{¶25} The appellate court agreed, finding that there were issues of federal patent law raised in the Complaint. *Id.* at 229. Specifically, the court concluded that there were substantial questions of federal patent law involved in determining whether the prior art would be considered important in the USPTO's decision on the patentability of the plaintiff's patent claims. *Id.* The court found one issue to be

critical. It found that the plaintiff was required to prove that "but for Sheppard Mullins' misrepresentations, the USPTO would not have granted the request for reexamination." *Id.* In deciding that issue, the court would be called upon to determine whether the prior art raises "a substantial new question of patentability." *Id.* The court was also concerned that its decision would in some way regulate the conduct of attorneys before the USPTO. *Id.*

{26} In this Court's view, the case *sub judice* is different. The Complaint in this case does not raise an issue which requires the determination of the validity, scope or infringement of a United States patent. Furthermore, the Complaint does not raise an issue requiring determination of what the USPTO would do under certain circumstances, nor does it involve regulation of the conduct of counsel appearing before the patent office. The Complaint clearly raises issues of what the validity and scope of potential *foreign* patents would have been and perhaps issues of infringement of potential *foreign* patents that were allegedly lost.

{27} The loss of the foreign patent rights is based upon a breach of the standard of care, quintessentially a state law claim. Every malpractice action will require determination of a standard of care. It is unlikely that any standard of care can be assessed without some reference to compliance with the proper procedures in the USPTO. This Court does not read the Federal Circuit decisions to hold that any case by a patent owner against its patent counsel will fall within the exclusive jurisdiction of the federal courts. Where federal jurisdiction will promote uniformity of claim construction, consistency in validity, scope and infringement of U.S. patents, or promote uniform regulation of patent counsel conduct before the USPTO, federal jurisdiction is mandated. Where the issues involve foreign patent rights and issues of whether a lawyer complied with a standard of care, federal jurisdiction is not mandated.

{28} Indeed, other courts have found state court jurisdiction in patent malpractice claims after the 2007 Federal Circuit decisions. In *Eddings v. Glast, Phillips & Murray*, No. 3:07-CV-1512-L, 2008 U.S. Dist. LEXIS 48589, *2 (N.D. Tex. June 25, 2008), the plaintiff sued its defense counsel in a prior infringement action,

alleging that the counsel committed procedural errors in defending the infringement action, which increased plaintiff's damages in that action. The district court declined jurisdiction, finding that although there were some patent issues involved, all plaintiff had to prove was that the procedural errors resulted in a larger verdict in the prior case. *Id.* at \*11–12. The district court noted that the Federal Circuit had observed that federal jurisdiction might not exist if a plaintiff's case was based on a malpractice theory that did not involve substantive patent issues. *Id.* at \*10.

{29} One state Supreme Court and one Federal Circuit have expressed some disagreement with the Federal Circuit. In a subsequent appeal in the *New Tek* case discussed above (*see* ¶ 16), the Nebraska Supreme Court reviewed its jurisdiction in light of the Federal Circuit decisions and held, without elaboration: "We reiterate our determination in *New Tek I*, that this professional malpractice case arises entirely under state law, and conclude that we do have subject matter jurisdiction over the claim." *New Tek Mfg., Inc. v. Beehner*, 751 N.W.2d 135, 145 (2008).

{30} In *Singh v. Duane Morris LLP*, 538 F.3d 334 (5th Cir. 2008), the United States Court of Appeals for the Fifth Circuit expressed concern about sweeping innumerable state law claims for malpractice into federal courts and upending "the balance between federal and state judicial responsibilities." *Id.* at 338. That case involved a claim where plaintiff's former counsel in a trademark suit had failed to introduce evidence of an element of his claim resulting in loss of the case. *Id.* at 337. In fact, the Fifth Circuit had ruled that plaintiff lost that case because the element was missing. In the malpractice action, the court found that the underlying issue of whether the plaintiff could have proved the element was one of fact, and that the case did not involve any substantial issues of federal law and did not require "resort to the experience, solicitude and hope of uniformity that a federal forum offers." *Id.* at 339.

{31} Another way to look at the issue here is to ask: Does the required proof from plaintiffs (based on the claims of a well-pleaded complaint) to establish negligence or damages depend on the resolution of a substantial question of federal

patent law?  In this case, Plaintiffs must show that it would have been able to secure foreign patents but for the negligence of Defendants and that it would have been able to license that technology in foreign jurisdictions.  That proof does not involve a substantial question of federal patent law.  The issue of ownership of the '644 Patent is being contested in federal court by those who can claim ownership and inventorship.  If ownership is an issue in foreign countries, it will be the laws of the foreign jurisdiction that apply, not the patent laws of the United States.  Therefore, the Complaint, absent Count VI, does not raise an issue of inventorship nor does the malpractice claim require proof of inventorship of the '644 Patent.

{32}   The Court is guided here by the recent decision of the Federal Circuit in *Davis v. Brouse McDowell, LPA*, No. 2009-1395, 2010 U.S. App. LEXIS 4266 (Fed. Cir. Mar. 2, 2010).  In that case the Circuit Court upheld the trial court's grant of summary judgment to defendants as well as its determination that jurisdiction attached under section 1338(a).  *Id.* at *22–23.  The malpractice action had been removed from state court.  *Id.* at *6.  In the complaint and through discovery and summary judgment plaintiff asserted two kinds of claims against defendant which the court characterized as (1) failure to file for foreign patents under the Patent Cooperation Treaty ("PCT") and (2) "other omissions" which plaintiff testified included negligence in preparing and filing U.S. patent applications.  *Id.* at *10–11.  Plaintiff argued that her complaint only presented "alternative theories" and therefore federal jurisdiction was inappropriate under *Christianson*.  *Id.* at *9.  The Federal Circuit concluded: "Therefore, Ms. Davis's complaint presents at least two distinct claims: one relating to Mr. Thompson's preparation and filing of the U.S. applications and one relating to his failure to timely file the PCT applications."  *Id.* at *10–11.  Significantly, the Court held: "It is indisputable that Ms. Davis's allegations relating to the PCT applications do not raise any issue of U.S. patent law."  *Id.* at *9.  That is the case before this Court as well.  There are only issues of foreign patent law.  (*See* ¶ 33.)

{33}   The case requires Plaintiffs to prove that Defendants breached a duty of care which resulted in the loss of foreign patent rights.  Whether the duty of care

was breached does not involve a substantial question of federal patent law. The issue is whether Defendants erred in some procedure which caused the loss of the foreign patent rights for the same technology covered by the U.S. patent. The Complaint does not seek any declaration or determination concerning ownership of the U.S. patent,[4] nor is ownership critical to the malpractice determination.

{34} The Court does not believe that malpractice claims involving the filing and rescission of a non-publication request raise substantive federal patent law questions. At issue is the standard of care to be applied to Defendants' conduct, not questions concerning the interpretation of the federal statutes. In that sense it is a procedural, not a substantive, issue. It is similar to the situation in the *Eddings* case and involves fact issues similar to *Singh*. Defendants' expert correctly points out that it will be necessary to make reference to the USPTO procedures and some patent statutes in determining the standard of care. The Court does not believe that those efforts will involve substantial or substantive issues of patent law, but are more likely to involve factual issues.

{35} There also is an ancillary issue. Plaintiffs' original Complaint contained a cause of action for breach of contract in connection with the prosecution of the '644 Patent (Count VI). Under the rationale of *Davis*, that pending claim would have supported federal jurisdiction. After the Motions to Dismiss for lack of jurisdiction were filed and briefed, Plaintiffs took a voluntary dismissal with prejudice of that claim to insure that particular claim did not give rise to federal jurisdiction. Assuming that it did give rise to federal jurisdiction, the question becomes whether Plaintiffs may voluntarily remove a claim in the original complaint that vested original jurisdiction in the federal courts, leaving only state law claims. The Court believes the answer is yes, although there is little or no authority on the issue.

{36} Federal preemption applies to claims, not lawsuits. If a lawsuit contains no claims arising under the patent laws, then there is no preemption. Where a plaintiff's original state court complaint contains both federal and state claims, plaintiff should have the right to dismiss the federal claims and stay in state court

---

[4] The ownership issue is raised by Defendants.

if it chooses to do so.  That is consistent with the view expressed in *Christianson* that when a claim is supported by alternative theories the case does not arise under patent law unless patent law is essential to each of those theories.  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988).

{37}  Defendants' Motions to Dismiss Plaintiff Carter's claims are granted.  The breach of contract claim has been dismissed.  The remaining claims belong to Revolutionary Concepts, the undisputed assignee of the technology.

CONCLUSION

{38}  Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendants' Motions to Dismiss for lack of jurisdiction are DENIED, and Defendants' Motions to Dismiss Ronald Carter's claims for lack of standing are GRANTED.

2. Defendants' Motions to Strike paragraph 47 of the Complaint are DENIED.  Plaintiffs have not alleged that a violation of the Rules of Professional Conduct creates a cause of action.

IT IS SO ORDERED, this 9th day of March, 2010.