Agnes, Peter W., J.
The plaintiff, Magnamagic Limited Partnership (“Magnamagic”), brought this action against the defendant, Flexcon Company, Inc. (“Flexcon”), asserting a claim for unfair and deceptive trade practices under G.L.c. 93A. This matter is now before the court on Flexcon’s motion to dismiss the complaint for lack of jurisdiction pursuant to Mass.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, Flexcon’s motion is ALLOWED.
BACKGROUND
In its complaint, Magnamagic asserts that it is the exclusive licensee of two patents: U.S. Patent No. 5,609,788, titled “Magnetic Paint Additive” and issued on March 11, 1997 (the “ ‘788 patent”), and U.S. Patent No. 5,843,329, titled “Magnetic Paint or Ink Additive” and issued on December 1, 1998 (the “ ‘329 patent”). The ‘788 patent relates to a magnetic latex or lacquer paint containing ferromagnetic particles on a flexible substrate. The ‘329 patent relates to flexible substrates, coated with ferromagnetic particles, blended in an adhesive resin and with the ferromagnetic coating further coated so that the product can be laminated to another surface.
Flexcon is the assignee of the U.S. Patent No. 6,387,485, titled “Composite Substrate with Adhesive and Ferromagnetic Properties” (the “ ‘485 Patent”). The ‘485 patent was issued on May 14, 2002. It consists of nine claims, claim 9 of which is a dependent claim and relates to ferromagnetic films and composites and flexible ferromagnetic composite substrates that may be applied to other substrates and articles. Flexcon produces, markets, and sells products pursuant to the ‘485 patent.
In or about September 2000, Magnamagic became aware of a product that Flexcon was showing and promoting at trade shows, and suspected that the product infringed the ‘329 patent. On October 24, 2000, Magnamagic contacted Flexcon, notifying it of Magnamagic’s belief that Flexcon infringed the ‘329 patent. On November 13, 2000, Flexcon’s counsel responded to Magnamagic’s letter, denying that Flexcon infringed the ‘329 patent and demanding that Magnamagic cease from contacting Flexcon’s customers with allegations of patent infringement.
In or about March 2007, Magnamagic attended a trade show and saw a product displayed by a company called Playton Graphics. Magnamagic suspected that it was manufactured pursuant to a license from Flexcon and that it infringed the ‘329 patent. On November 17, 2008, Magnamagic sought reexamination of the ‘485 patent by filing a Reexamination Statement Request for Ex-Parte Reexamination with the United States Patent and Trademark Office (“PTO”). See 35 U.S.C. Section 302 et seq.
On or about January 12, 2009, Magnamagic received notification that its ex-parte request for reexamination was granted. On or about June 18, 2009, the PTO rejected claims 1-8 of the ‘485 patent under 35 U.S.C. § 103(a) as unpatentable in view of the ‘329 patent. The PTO confirmed claim 9 of the ‘485 patent and it remained a valid claim.
Flexcon did not respond to the PTO’s rejection of claims 1-8. Accordingly, the PTO cancelled these claims on or about September 15, 2009. On or about December 15, 2009, the PTO issued an ex parte reexamination certificate canceling claims 1-8 and confirming claim 9.
On July 28, 2010, Magnamagic filed a complaint against Flexcon, asserting a claim for violation of G.L.c. 93A. The complaint alleges that the ‘485 patent application and the ‘485 patent were baseless, and that the ‘485 patent was acquired through Flexcon’s failure to disclose the ‘329 patent and ‘788 patent to the PTO. Specifically, the complaint states that “Flexcon’s involvement with the ‘485 patent and obtaining rights to the ‘485 patent was through a baseless patent application, accompanied by a failure to disclose material, adverse, information filed and pursued by anticompetitive purposes, constitutes an unfair method of competition or was an unfair or deceptive act or practice, pursuant to Massachusetts General Laws, c. 93A §11 and declared unlawful by Massachusetts General Laws, c. 93A, §2 and by the *608 regulations promulgated pursuant to c. 93A, §2(c).” Magnamagic alleges that it suffered a loss of money and property as a result of Flexcon’s allegedly wrongful conduct before the PTO.
Flexcon brings a motion to dismiss Magnamagic’s complaint, arguing that, because the complaint raises a substantial question of patent law, this court lacks subject matter jurisdiction over the claim. It also contends that because actions before the PTO are within the purview of federal patent law, Magnamagic’s c. 93A claim based on Flexcon’s alleged inequitable conduct in obtaining the ‘485 patent is preempted by federal law.
DISCUSSION
I. Flexcon’s 12(b)(1) Motion
Flexcon first moves to dismiss the complaint on the ground that this court lacks subject matter jurisdiction over Magnamagic’s claim. “Subject matter jurisdiction cannot be conferred by consent, conduct or waiver.” Litton Bus. Sys., Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981) (internal citation omitted). “Accordingly, this court must take note of lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise.” Id.
Under 28 U.S.C. § 1338(a), the Federal District Courts “shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents . . . Such jurisdiction [is] exclusive of the courts of the states in patent. . . cases.” “This section confers exclusive jurisdiction on the Federal District Courts only in those cases in which a well-pleaded complaint establishes either that (1) Federal patent law creates the cause of action, or (2) ‘the plaintiffs right to relief necessarily depends on resolution of a substantial question of [FJederal patent law, in that patent law is a necessary element of one of the well-pleaded claims.’ ” Stark v. Advanced Magnetics, Inc., 50 Mass.App.Ct. 226, 228 (2000), citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808-09 (1988). See also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983) (“Even though state law creates appellant’s causes of action, its case might still ’arise under’ the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties”).
As violation of c. 93A is a state-law claim, the first part of the Christianson test is inapplicable here. Accordingly, this court must inquire whether Magnamagic’s complaint satisfies the second prong of Christianson. In deciding whether resolution of Magnamagic’s claim requires a determination of a substantial question of federal patent law, courts “look only to the plaintiffs statement of his claims in his complaint.” Stark, 50 Mass.App.Ct. at 229, citing Christianson, 486 U.S. at 809. In evaluating the plaintiffs claims, courts “look to see whether [each] claim is supported by alternative theories and, if so, whether a determination of patent law is essential to each theoiy.” Id. citing Hunter Douglas, Inc. v. Harmonic Design, Inc., 153 F.3d 1318, 1325 (Fed.Cir. 1998), overruled in part on other grounds by Midwest Indus., Inc. v. Karavan Trailers, Inc., 175 F.3d 1356, 1358-59 (Fed.Cir. 1999). If no such alternative theories exist, the Federal District Court has exclusive jurisdiction over the claim. Id.
Magnamagic’s complaint is premised upon the allegation that Flexcon engaged in inequitable conduct before the PTO by knowingly and intentionally failing to disclose the prior art in its patent application for anticompetitive purposes. It is well-settled that state unfair competition claims based on inequitable conduct before the PTO belong in federal courts. See Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc., 75 F.3d 1568, 1575 (Fed.Cir. 1996). See also Lockwood v. Sheppard, Mullin, Richter & Hampton, 173 Cal.App.4th 675, 93 Cal.Rptr.3d 220, 229 (Ct.App.2d Dist. 2009) (“we hold that [plaintiffs] complaint, which seeks to regulate the conduct of attorneys appearing before the USPTO and requires resolution of substantial issues of patent law, is subject to the exclusive jurisdiction of the federal courts”).
Federal courts recognize that generally, allegations of failure to disclose material information in prosecution of a patent or submission of false material information to the PTO with intent to mislead “necessarily involve questions of patent law, including what information the patent applicant had a duly to disclose and what information was material to the patent application." Conroy v. Fresh Del Monte Produce, Inc., 325 F.Sup.2d 1049, 1055 (N.D.Cal. 2004); see also Lemkin v. Hahn, Loeaser & Parks, L.L.P., 2010 WL 1881962 at *3-*4 (OhioApp.Ct. 2010) (“In this court of appeals, we are familiar enough with intellectual property subject matter to know that when a plaintiff to a lawsuit alleges fraud and misrepresentation in connection with the prosecution of a patent, such allegations cannot be examined without also examining the patent application . . . Even though appellant’s claims are clearly based in state law, they are not discernable without having a fair understanding of patent prosecution, which is why this case belongs in federal court”).
Magnamagic’s c. 93A claim is predicated on the allegations of Flexcon’s misconduct before the PTO. In particular, an examination of the plaintiffs complaint indicates that Magnamagic’s claims are based on the allegation that that the defendant filed a “baseless patent application,” and failed to disclose “material, adverse information” about the plaintiffs prior patent ‘329. Plaintiffs Complaint, paragraph 25. Accordingly, issues presented in this case cannot be resolved without reference to and construction of federal patent laws and regulations. In the absence of any alternative *609 theories to support Magnamagic’s c. 93A claim, this court lacks subject matter jurisdiction over the claim.[1]
II. Flexcon’s Rule 12(b)(6) Motion
A. Legal Standard
To survive a motion to dismiss, a complaint must set forth the basis of the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id., quoting Bell Atl. Corp., 550 U.S. at 555. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief..." Id., quoting Bell Atl. Corp., 550 U.S. at 557.
B. Preemption
Federal patent law preempts state-law claims where the state laws “seek to offer patentTlike protection to intellectual properly inconsistent with the federal scheme.” Dow Chemical Co. v. Exxon Corp., 139 F.3d 1470, 1475 (Fed.Cir. 1998). In order to determine whether state-law claims are preempted, courts inquire into the conduct on which the action is based. Hunter Douglas, 153 F.3d at 1335. If federal patent law governs the conduct at issue, the state tort cause of action is preempted. Id. However, a “state law tort claim is not preempted by federal patent law . . . provided the state law cause of action includes additional elements not found in the federal patent law cause of action.” Dow Chemical Co., 139 F.3d at 1473. Accordingly, “to survive preemption, [the plaintiff] must plead conduct in violation of [state law] that is separate and independent from its patent law claim.” Veto Pro Pac, LLC v. Custom Leathercraft Mfg. Co., 2009 WL 276369 at *2 (D.Conn. 2009).
Here, Magnamagic’s claim is predicated solely on Flexcon’s allegedly inequitable conduct before the PTO. Federal courts have held that “[c]laims that are predicated on no more than bad-faith misconduct or fraud before the PTO or that are identical in scope to an inequitable conduct defense are preempted by federal patent law.” Netflix Antitrust Litig., 506 F.Sup.2d 308, 319 (N.D.Cal. 2007), citing Semiconductor Energy Lab. Co. v. Samsung Elecs. Co., 204 F.3d 1368, 1382 (Fed.Cir. 2000); see also Abbott Lab. v. Brennan, 952 F.2d 1346, 1355 (Fed.Cir. 1991) (holding that state law tort action for abuse of process may not “be invoked as a remedy for inequitable or other unsavory conduct of parties to proceedings in the Patent and Trademark Office”). As Magnamagic’s complaint fails to allege any additional or alternative theories that could support its c. 93A claim, such as Flexcon’s bad faith misconduct in the marketplace, its claim is preempted. See Dow Chemical Co., 139 F.3d at 1477 (federal law does not preempt a claim for intentional interference with actual and prospective contractual relations that was “not premised upon bad faith misconduct in the PTO, but rather [was] premised upon bad faith misconduct in the marketplace”).
ORDER
For the foregoing reasons, it is hereby ORDERED that Flexcon’s motion to dismiss Magnamagic’s complaint is ALLOWED.

 Magnamagic’s argument that “all issues of federal patent law . . . have heretofore been determined, by the [Patent Office] and are now concluded, final and of public record” lacks merit. As Flexcon correctly points out in its Reply Memorandum of Law in Support of its Motion to Dismiss (“Reply Memorandum”), the PTO never considered the issue of Flexcon’s alleged misconduct in filing the patent application and obtaining the patent during the reexamination process because issues of inequitable conduct as a basis for invalidity of the patent cannot be raised during the re-examination proceeding. See Manual of Patent Examining Procedures, §2216 (8th ed. rev. 2008) (“Questions relating to grounds of rejection other than those based on prior art patents or printed publications should not he included in the request and will not be considered by the examiner if included. Examples of such questions that will not be considered [include] conduct by parties”). Similarly, Magnamagic’s attempt to distinguish cases cited by Flexcon in support of its Motion to Dismiss is unsuccessful for the reasons stated in Flexcon’s Reply Memorandum.